# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1993V

<table>
<tr><td>

EMILY SMITH,

          Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

</td><td>

Chief Special Master Corcoran


Filed: February 4, 2025

</td></tr>
</table>

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Emilie Williams, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 28, 2020, Emily Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Program"). Petitioner alleged that after her receipt of a hepatitis B ("hep B") vaccine on December 27, 2019, she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, lasting over six months. Petition (ECF No. 1).

I previously concluded that there was not preponderant evidence that Petitioner's alleged injury persisted for at least six months post-vaccination, and therefore the claim

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

warranted dismissal. Dismissal Decision (ECF No. 38), available at *Smith v. Sec'y of Health & Hum. Servs.*, No. 20-1993V, 2024 WL 1886118 (Fed. Cl. Spec. Mstr. Mar. 22, 2024). That decision – including the summary of the previous procedural history, and the underlying evidence – is fully incorporated and relied upon herein.

For the reasons discussed below, I find that even though the claim was untenable, there was a reasonable basis for Petitioner's claim, and she is otherwise entitled to an award of attorneys' fees and costs.

## I.    Post-Dismissal Procedural History

As noted above, the claim was dismissed in March 2024. Judgment entered on April 26, 2024. ECF No. 39. On July 29, 2024, Petitioner filed a motion requesting $15,381.75 (representing $14,532.70 in attorneys' fees, and $849.05 for attorneys' costs). ECF No. 42 at 2. However, the application does not address the statutory requirements of good faith and reasonable basis – prerequisites for any attorney's fees and costs award in unsuccessful cases. *See* Section 15(e)(1).

On July 31, 2024, Respondent filed a response, in which he defers to my determination of whether the statutory requirements for an award of attorneys' fees and costs are met in this uncompensated case. ECF No. 43. Petitioner has not filed a reply. The matter is ripe for adjudication.

## II.    Reasonable Basis

### A.  Applicable Legal Standards

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorney's fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). This is consistent with the fact that "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). Indeed, it may be the only federal fee-shifting statute that permits *unsuccessful* litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful

case. The special master or court may award attorney's fees and costs to an unsuccessful claimant only if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit has explained, whether a discretionary fees award is appropriate involves two distinct inquiries, but only reasonable basis is at issue herein.[3] Reasonable basis is deemed "an objective test, satisfied through objective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("Cottingham I"). "The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665, 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish some evidence in support of the claim.'" *Id.* Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis 4should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II"*), *aff'd without op.*, 2023 WL 754047 (Fed. Cir. Nov. 14, 2023). "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not

---

[3] Claimants must also establish that the petition was brought in good faith. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). But good faith is not disputed herein, and I do not ascertain evidence in the record calling it into question.

mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. Reasonable basis for a claim at the time of filing may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira*, the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

At issue here, Vaccine Act Section 11(c)(1)(D)(i) requires the establishment of an injury and residual effects lasting for over six months after the date of vaccination. This is a threshold requirement for entitlement. *Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a *prima facie* case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

### B. Analysis

As noted in the Dismissal Decision, Petitioner's allegedly causal vaccination (which took place on December 27, 2019) was followed by an *initially* acute shoulder injury. A January 9, 2020 orthopedics initial consult documented a 7/10 pain rating, tenderness, mildly reduced AROM on forward flexion, and a positive Hawkins test (evidencing impingement). *Smith*, 2024 WL 1886118, at *2. But the injury was treated relatively conservatively – briefly with Naproxen that was discontinued in light of gastrointestinal side effects, followed only by over-the-counter pain medication. *Id.* at *3.

Petitioner then attended one orthopedics follow-up, and underwent an EMG which did not identify any neurological injury. *Smith*, 2024 WL 1886118, at *3. Her pain and mild limitations in range of motion improved with just five PT sessions, spanning from February 20 to March 9, 2020. *Id.* She was formally discharged from PT – citing both a "plateau" in progress and the emerging Pandemic – on March 25, 2020. *Id.* at *4.

The PT course was followed by an eight-month gap in any medical record documentation or even patient portal messages (which Petitioner and her medical providers had utilized at other times), and then by a January 2021 virtual appointment with her orthopedist (coinciding with the filing of this compensation claim). *Smith*, 2024 WL 1886118, at *4. In January 2021, the orthopedist characterized the appointment as a "follow up of left shoulder impingement," but also recorded Petitioner's report that "pain

resolved with formal PT, however in the past months, she progressed her activity to weightlifting in the gym and the pain has returned." *Id.* In his assessment, the orthopedist reiterated: "[Petitioner's] symptoms had resolved a year ago with formal physical therapy but returned when she began lifting weight in the gym again." *Id.*

The Dismissal Decision explained that the medical records supported a determination that Petitioner's post-vaccination shoulder injury was not particularly severe, improved by the last formal medical record from March 9, 2020, and likely resolved within six months of vaccination. *Smith*, 2024 WL 1886118, at *5. The January 2021 orthopedics follow-up record also supported such a conclusion, in specifically stating that Petitioner's post-vaccination injury "resolved with formal physical therapy," and was followed by a "return" of symptoms associated with lifting weights. *Id.* That *positive* evidence of the alleged vaccine injury's resolution, and a specifically identified alternative cause for a later (albeit) similar injury were significant obstacles, which were not sufficiently cured by later sworn declarations. *Id.* Overall, and after weighing the evidence, I determined that here was not *preponderant* evidence of a post-vaccination injury lasting for at least six months, as required to proceed in the Program under Section 11(c)(1)(D)(i) – requiring the claim's dismissal.

But the current inquiry is whether or not this unsuccessful claim possessed a reasonable basis – an inquiry governed by a much lower evidentiary standard. In that context, I see *some* minimal evidence that might have supported a favorable severity finding. First, the PT records reflect that Petitioner's discharge was at least in part due to the Pandemic's emergence in March 2020. Second, Petitioner and her mother swear under penalty of perjury that the injury persisted for over six months. While these statements did not ultimately carry the day in establishing the severity requirement, they must be considered. *James-Cornelius*, 984 F.3d 1374, 1380 (holding that "sworn testimony as to facts within the witness's personal knowledge, such as… severity of symptoms" constituted objective evidence, during a reasonable basis analysis).

Additionally, Respondent's Rule 4(c) Report, and my own review of the objective evidence, recognized that there was objective evidence supporting many other elements of a Table SIRVA claim – including receipt of a covered vaccine; shoulder pain onset within 48 hours; and the lack of evidence for an exclusionary condition such as radiculopathy, brachial neuritis, or neuropathy. For these reasons, I find that the claim possessed a reasonable basis until it was dismissed. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

## II.    Appropriate Amount to be Awarded

### A.  Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.  Attorney's Fees and Costs

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Petitioner billed a reasonable amount of time using hourly rates previously approved for all attorneys and paralegals performing this work. Motion at 4 – 9. She provided supporting documentation for all claimed costs. *Id.* at 11 – 15. And Respondent offered no specific objection to the rates or amounts sought. *See generally* Response.

### Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). Additionally, no reduction in the amount of attorney's fees and costs is warranted. Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs and award a total of **$15,381.75 (representing $14,352.70 in fees and $849.05 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** The Clerk of the Court is directed to enter judgment in accordance with this Decision.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master